UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. SHERVEN,                    ) | |
| )        | |
| Plaintiff,             ) | |
| )        | Civil Action No. 1:23-cv-03894 (UNA) |
| v.                                                       ) | |
| )        | |
| UNITED STATES OF AMERICA,       ) | |
| )        | |
| Defendant.          ) | |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of the plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons discussed below, it dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff sues the United States for unspecified damages and equitable relief, *see* Compl. at 2–3, alleging that, in November 2019, he "reported a child pornography video to the Department of Justice (DOJ) and also to the Central Intelligence Agency (CIA)[,]" and that in response to this purported tip, the federal government "began spying on [him] with an 'x-ray vision' spy satellite," to "track" and "record" him for "24 hours a day [and] multiple years

straight," *id.* at 2.  From there, the allegations only become more paranoid and digressive.  *See, e.g., id.* at 2–3.

This court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  Consequently, the court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant complaint falls squarely into this category.  In addition to failing to state a claim for relief or establish this court's jurisdiction, the complaint is frivolous on its face.

Consequently, this case will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

DATE: February 2, 2024                    /s/ CHRISTOPHER R. COOPER
                                          United States District Judge